UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LaMARCUS D. JONES,

        Petitioner,

    v.                                                          Case No. 06-C-0312

WILLIAM POLLARD,

        Respondent.

**ORDER**

On March 13, 2006, LaMarcus D. Jones filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. After his first trial ended in a mistrial due to the disruptive conduct of a co-defendant, petitioner was convicted in Milwaukee County Circuit Court of armed robbery, as a party to a crime, contrary to Wis. Stat. §§ 943.32(2) and 939.05 (2001-2002) and was sentenced to 15 years imprisonment, to be followed by ten years of extended supervision. Petitioner filed an appeal, and the Wisconsin Court of Appeals affirmed his conviction and sentence. *State v. Jones*, 2004 WI App 220; 277 Wis. 2d 590; 690 N.W.2d 25. He is currently incarcerated at Green Bay Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

This court may grant a habeas petition only if the petitioner demonstrates that the adjudication of his case in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established Supreme Court precedent when the court applies a rule different from governing Supreme Court cases or confronts a set of facts that is materially indistinguishable from those of a Supreme Court decision and arrives at a different conclusion. *Williams v. Taylor,* 529 U.S. 362 (2000). If the case involves an "unreasonable application" of Supreme Court precedent, this court must defer to reasonable state court decisions and cannot grant the writ unless the state court's decision was objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 694 (2002). Finally, a state court's findings of fact are presumed correct. *Sanchez v. Gilmore*, 189 F.3d 619, 623 (7th Cir.1999). The reasonableness of these findings can be overcome only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner's claims raise only legal issues. He first argues that the trial court erred by not striking venireman John Chisholm, an assistant district attorney in Milwaukee County, for cause. After the court declined to strike Chisholm for cause, petitioner used one of his peremptory strikes to remove him from the jury. Petitioner argues that the loss of a peremptory challenge deprived him of his right to trial by an impartial jury as guaranteed by the Sixth and Fourteenth Amendments.

2

The court of appeals assumed, without deciding, that Chisholm should have been stricken for cause, but nevertheless followed *State v. Lindell*, 629 N.W.2d 223 (Wis. 2001), in rejecting petitioner's claim. Insofar as it addressed the question of when a trial court's failure to strike a juror requires reversal as a matter of federal law, *Lindell* merely applied *Ross v. Oklahoma*, 487 U.S. 81 (1988), in which the Supreme Court held that "[s]o long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." *Id.* at 88. Petitioner presents no argument that the jury that sat to convict him was biased. Insofar as the court of appeals rejected his claim, its decision was not contrary to, or an unreasonable application of, federal law as clearly established in *Ross*.

Petitioner next argues that the trial court deprived him of a fair trial by ordering him shackled during the proceedings. During petitioner's first trial, he and his co-defendant apparently threatened the court's deputies. *Jones*, 2004 WI App ¶ 12. The trial court therefore ordered both defendants restrained hand and foot. The court later declared a mistrial and severed the trials of the two defendants. Petitioner continued to be restrained at his second trial. *Id.* ¶ 13. The trial court attempted to conceal the restraints from the jury by covering the counsel tables with skirting and requiring the parties to remain seated when court was in session. Others in the court, however, stood when the jury entered the courtroom, and the court explained to the jurors that this was done "as a sign of respect to you citizens." *Id.* Petitioner argues that this amounted to a violation of his rights under the Fifth and Fourteenth Amendments.

The court of appeals held that any error in restraining petitioner and requiring him to remain seated was harmless.[1] The court noted the absence of any evidence that the jury ever saw

---

[1] While the court did not clearly address the question of whether the restraints were appropriate, it noted that petitioner did not argue that the trial court lacked a legitimate reason for restraining him. *Id.* ¶ 17.

3

petitioner's restraints. *Jones*, 2004 WI App ¶ 16. Furthermore, because both parties had remained seated when the jury entered, the court rejected petitioner's argument that he was prejudiced by the arrangement. *Id.* ¶ 15. While the court did not cite any federal precedents, nothing in its determination of those issues is contrary to clearly established federal law.

"As a general rule, a defendant in a criminal case has the right to appear before the jury free from shackles or other physical restraints." *Harrell v. Israel*, 672 F.2d 632, 635 (7th Cir. 1982). That right, however, is not absolute; the trial court may order the defendant shackled when there is an "extreme need" of such a measure to prevent disruptive conduct or to ensure the safety of other persons in the courtroom. *Id.* at 635-636. In determining whether such a need exists, the trial court has "wide discretion." *Id.* at 636. Even where its decision is later determined to have been incorrect, the defendant is not entitled to a new trial unless prejudice resulted from the restraints. *Id.* at 637.

Here, petitioner was the author of his own misfortune. The trial court only ordered him shackled after he threatened the deputies. This court cannot say that its order was an abuse of its discretion. Even if it was, petitioner presents no evidence that the jury was aware of his restraints. *Cf. Harrell*, 672 F.2d at 637 ("Courts have generally found brief and inadvertent confrontations between a shackled accused and one or more members of the jury insufficient to show prejudice."). Moreover, as the court of appeals noted, the trial court required the prosecution as well as the defense to sit at all times; thus there is no reason why the jury should have favored the prosecution because petitioner failed to stand when they entered.

Petitioner finally argues that his trial counsel violated his right to effective assistance of counsel under the Sixth and Fourteenth Amendments by failing to object to (and, in part, by

4

eliciting) testimony that petitioner was arrested for possessing a gun and ammunition after police responded to a report of shots being fired. In evaluating petitioner's claim, the court of appeals applied *Strickland v. Washington*, 466 U.S. 668 (1984), and state cases derived therefrom. It assumed that counsel's failure to object to this testimony was ineffective, but held that petitioner had failed to establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Specifically, the court noted that the crux of petitioner's defense was his own testimony giving an alibi. However, petitioner's credibility was undermined by his five criminal convictions (plus three adjudications of delinquency) and by his dubious attempt to deny that he lived at the house outside of which he was arrested (where his co-defendant also lived, and where a gun used in the robbery was found). *Jones*, 2004 WI App ¶¶ 22-23. More importantly, the jury heard testimony from two victims of the robbery who positively identified petitioner as one of the participants in the robbery. *Id.* ¶ 24. This court cannot say that the court of appeals' decision unreasonably applied *Strickland*, or unreasonably determined the facts in light of the evidence presented.

**THEREFORE, IT IS ORDERED** that this petition is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated this   29th   day of March, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
