UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LaMARCUS D. JONES,

        Petitioner,

v.                                           Case No. 06-C-0312
                                              Appeal No.

WILLIAM POLLARD,

        Respondent.

## ORDER

On May 2, habeas petitioner LaMarcus D. Jones filed a notice of appeal of my dismissal of his case and a request for a certificate of appealability. For the following reasons, the court declines to issue the certificate of appealability.

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

None of the issues raised by petitioner deserves encouragement to proceed further nor is the denial of each issue debatable among jurists of reason. Petitioner first argued that he was denied an impartial jury at his state trial. The court rejected this challenge because petitioner was in fact tried before an impartial jury, as the Wisconsin Court of Appeals determined in a straightforward application of precedent derived from *Ross v. Oklahoma*, 487 U.S. 81 (1988). Petitioner next argued that the trial court had violated his constitutional rights by shackling him at trial. This court rejected the claim because the trial court's action was well within its constitutional discretion in light of petitioner's conduct. Finally, petitioner argued that his trial counsel had rendered ineffective assistance by failing to object to certain testimony. This court held that the state courts correctly applied *Strickland v. Washington*, 466 U.S. 668 (1984), in determining that any deficiency in counsel's performance did not prejudice petitioner at trial.

For the same reasons as set forth in my Decision and Order of March 29, 2006, and for the reasons set forth above, petitioner has not made a substantial showing of the denial of any constitutional right. As stated above, I do not believe jurists of reason would differ as to any of the issues presented in this case and I do not believe these issues should proceed further.

**THEREFORE, IT IS ORDERED** that petitioner's request for a certificate of appealability is denied.

A copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated this   5th   day of May, 2006.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge